James L. Bryne v. Commissioner.
Bryne v. Commissioner
Docket No. 7911.
United States Tax Court
1945 Tax Ct. Memo LEXIS 15; 4 T.C.M. (CCH) 1096; T.C.M. (RIA) 45371; December 14, 1945
*15 Held, that in the taxable year 1941 petitioner was engaged in raising and selling hunting dogs as a trade or business, and is entitled to a deduction for a loss sustained therein. James L. Bryne, pro se. A. J. McDowell, Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: Respondent has determined a deficiency of $176.44 in petitioner's income tax for the calendar year 1941. The only question in the case is whether, in that year, petitioner was engaged in the trade or business of raising and selling hunting dogs. Petitioner contends that he was, and respondent contends that the dog raising activities were simply a hobby with petitioner. Respondent admits, however, that if the said activities constituted the carrying on of a trade or business, petitioner is entitled to the claimed deduction of $1,259.39 for losses sustained in connection therewith. [The Facts] Petitioner is an individual residing at Damariscotta, Maine. He filed his income tax return for the year 1941 with the collector for the district of Maine. The return disclosed income from salaries and other compensation for personal services in the amount of $6,580, which consisted *16 in part of salaries paid petitioner by several water companies with which he was connected and in part of fees for consulting engineering services. In the return petitioner claimed a net loss from business of $1,259.39, that amount being the difference between expenditures of $1,494.39 for food, fencing wire, veterinary fees, medicine, labor and care of dogs, and transportation charges, and receipts of $235 from the sale of four puppies and from stud fees. At the hearing petitioner appeared in his own behalf and testified substantially as follows: For a number of years prior to 1936 he owned (presumably meaning the ownership of controlling stock interests) and operated several water utilities in New England, from which he had an annual income of approximately $15,000. In 1936, he was forced through circumstances to dispose of the greater portion of his utility holdings at a loss, with the result that his income from water securities was reduced to approximately $400 a year. Petitioner was approximately 65 years old at that time. After the disposition of his utility investments his income was limited principally to small salaries and small fees for engineering services. Prior to *17 1936, petitioner had a set of bird dogs and from one to three fox hounds which he used for hunting. He usually made annual trips to South Carolina during the hunting season and took his dogs along. These trips were made purely for pleasure. Some time in 1938, after he had disposed of his water utility holdings, petitioner decided to go into the business of raising, training, and selling dogs. He then owned one outstanding male, an English setter, and on October 17, 1938, he purchased a set of females of outstanding bloodlines for $200. Shortly thereafter, in December, 1938, petitioner was hospitalized for a serious operation, which incapacitated him for some time. He had only a few dogs in 1939, and someone else cared for them while he was ill. After recovering from his illness, petitioner made a new start in 1940, and in 1941 he had approximately 20 English setter dogs. During 1941, petitioner, on a number of occasions, advertised his dogs for sale and for stud service in a leading sportsmen's newspaper, "The American Field". Petitioner's dogs have won a number of trophies and prizes in field trials. In the taxable year petitioner shipped his dogs to South Carolina in the winter *18 for training and kept them there until the end of the hunting season. In the course of training the dogs, petitioner did some hunting with them. In 1941, petitioner devoted but very little of his time to the water companies and to engineering, from which he received the income reported in his return. His son handled most of the business details for him, and he served in somewhat the capacity of a consultant. Such is the uncontradicted evidence before us, and we see no reason to disbelieve it. We think it shows that while prior to 1936 petitioner owned and hunted dogs solely for his personal pleasure, at least in the taxable year petitioner conducted his dog raising and selling activities as a trade or business. It is clear to us that he embarked upon the venture with the intention of operating it at a profit, and the fact that a substantial loss was incurred in 1941, when petitioner was in reality only getting the business under way, in no way detracts from the conclusion that petitioner carried on his activities as a trade or business. Cf. . We conclude therefore that petitioner is entitled to a deduction for the loss claimed. *19 Decision will be entered for the petitioner.